## Heere et al. *v.* Penn Nat. Bank et al., Appellants.

*Sheriff's interpleader—Evidence—Question for jury.*

On a sheriff's interpleader to determine the ownership of goods taken in execution it is proper to submit the case to the jury where there is evidence that the claimants, a partnership, and the defendants in the execution, also a partnership, negotiated with each other for the combination of the two firms into a new partnership, that during the negotiations claimants' goods were moved to the premises of the other firm, but that the agreement was never consummated, and the goods were never mingled with those of the defendants in the execution, but were kept separate and apart.                                  ( )

Argued March 1, 1894.    Appeal, No. 380, Jan. T., 1894, by defendants, from judgment of C. P. Berks Co., Aug. T., 1893, No. 125, on verdict for plaintiffs, Julia Heere et al., trading as Heere & Co.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ.    Affirmed.

Sheriff's interpleader.    Before ERMENTROUT, P. J.

At the trial there was evidence by plaintiffs to the effect that plaintiffs, claimants, a partnership trading as Heere & Co., cigar manufacturers, and the defendants in the execution, Heere, Koch & Co., had negotiated with each other for the combination of the two firms into a new partnership under the name of Heere, Koch & Co., that during the negotiations plaintiffs' goods were moved to the premises of Heere, Koch & Co., but were kept separate.    After this, bill-heads, brands, factory labels, etc., of Heere, Koch & Co. were used.    Plaintiff's evidence was to the effect that the new partnership was not to go into effect until a settlement was effected with the creditors of the old firm of Heere, Koch & Co., and that no settlement was ever made.

The court charged as follows :

" It appears from the evidence in this cause that George E. Heere, Aaron M. Koch and J. C. Becker were engaged in the manufacture of cigars in this city under the firm name of Heere, Koch & Co.    Several of the banks of this city, defendants here, obtained judgments against Heere, Koch & Co. for moneys owing by that firm, and, having so obtained judgment, issued

execution.   When the sheriff came to the Eighth and Oley factory of Heere, Koch & Co., he levied upon everything in the factory building, whereupon a claim was made that certain tobacco and fixtures there found belonged, not to Heere, Koch & Co., but to Heere & Co., a firm which it is said is composed of Julia Heere and Thomas F. Brady.

"The issue, therefore, which is presented to your attention, is one of title to property.   If the execution creditors of Heere, Koch & Co. actually levied upon and took the property of Julia Heere and Thomas F. Brady, trading as Heere & Co., they would have no right to do that, unless Heere & Co.'s property had been handed over to the control of the firm of Heere, Koch & Co.

"There is practically very little difference of opinion as to the law of this case.   The case turns upon the fact whether or not, when Heere & Co. moved their goods from the factory at Tenth and Penn to the factory at Eighth and Oley, they did so in pursuance of articles of copartnership carried out, and whether the goods were placed in the care of Heere, Koch & Co. in pursuance of that partnership.   If they were not so placed, if the articles of copartnership were not carried out, if these goods were not delivered into the care of Heere, Koch & Co., but on the other hand were kept separate from their goods, were not mingled with their goods and were kept in that factory as the property of Heere & Co., then your verdict will be for the plaintiffs.   If they were not so kept, but were mingled with the goods so as to make them a contribution of one firm to the other, then your verdict will be for the defendants.   That is the whole case."

Defendants' request for binding instructions was refused. [1]
Verdict and judgment for plaintiffs.   Defendants appealed.

*Error assigned* was instruction, quoting it.

*Isaac Hiester, Philip S. Zieber, Baer & Snyder, Henry A. Muhlenberg* and *G. B. Stevens* with him, for appellants, cited: Hyatt v. Johnson, 91 Pa. 196 ; Longenecker v. Pa. R. R., 105 Pa. 328 ; Cover v. Manaway, 115 Pa. 338 ; McKnight v. Bell, 135 Pa. 358.

*J. Howard Jacobs, Jeremiah K. Grant* and *Ermentrout & Ruhl* with him, for appellees, cited: Com. v. McDowell, 86 Pa. 377; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Fisher v. R. R., 131 Pa. 292; Reno v. Moss, 120 Pa. 49: Patterson v. Dushane, 115 Pa. 334; School Furniture Co. v. School District, 122 Pa. 501; Brunner v. T. & T. Co., 151 Pa. 447.

PER CURIAM, March 12, 1894:

The only specification of error in this case is the refusal of the learned president of the common pleas to charge as requested in defendants' third point: "Under all the evidence in the case the verdict must be for the defendants."

We are satisfied from an examination of the record that there was no error in refusing to charge as thus requested. The right of the plaintiffs to recover depended on questions of fact which were for the exclusive consideration of the jury. Those questions were fairly and impartially submitted to them with instructions that appear to be free from error. As already observed, the only complaint here is that the learned judge did not withdraw the case from the jury by giving them binding instructions to find for the defendants. If he had done that, the plaintiffs would have had just reason to complain. The assignment of error is not sustained.

Judgment affirmed.